**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED
December 04, 2025
LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

| | |
|---|---|
| **KING CEDRIC OMAR SNEAD,** | )<br>) |
| Plaintiff, | ) Case No. 7:25CV00874<br>) |
| v. | ) **OPINION**<br>) |
| **PRESIDENT D. TRUMP,** | ) JUDGE JAMES P. JONES<br>) |
| Defendant. | ) |

*King Cedric Omar Snead, Pro Se Plaintiff.*

The plaintiff, proceeding pro se, identifies himself as King Cedric Omar Snead. He has filed a civil rights action using a form designed for an inmate filing a lawsuit under 42 U.S.C. § 1983. Snead has not prepaid the necessary filing costs to proceed with a civil rights action and impliedly requests in forma pauperis status under 28 U.S.C. § 1915, which would allow him to pay the filing fee through installments from his inmate trust account. Upon my review, I conclude that he does not qualify to do so based on his current allegations and his prior frivolous filings in this court. Accordingly, I will summarily dismiss this lawsuit pursuant to 28 U.S.C. § 1915(g).

Under the Prison Litigation Reform Act of 1995, all prisoner litigants suing government entities or officials must pay filing fees in full, either through prepayment or through installments withheld from the litigant's inmate trust

account. § 1915(b). Section 1915(g) denies the installment payment method to prisoners who have "three strikes" — those prisoners who have had three previous cases or appeals dismissed as frivolous, malicious, or for failure to state a claim — unless the three-striker inmate shows "imminent danger of serious physical injury."

Snead has filed more than twenty lawsuits in this court, many of which have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g., Snead v. U.S.A.*, No. 7:23CV00500 (W.D. Va. Aug. 11, 2023) (claims against the United States seeking trillions of dollars so that Snead can take care of actress "Marsie Mar" dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous); *Snead, et al. v. United States*, No. 7:23CV00501 (W.D. Va Aug. 11, 2023) (claims against the United States seeking help for himself and the daughters of Barack Obama dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous); *Snead v. President "Biden" "Obama" and "Trump,"* No. 7:23CV00505; (W.D. Va. Aug. 11, 2023) (incomprehensible claims dismissed under 28 U.S.C. § 1915(e)(2)(B) as frivolous). Accordingly, Snead may only proceed in forma pauperis (without prepayment of the filing fee) if he states facts showing that he faces imminent danger of serious physical injury. § 1915(g).

The imminent danger exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "a threat . . . is real and proximate" to the alleged official misconduct. *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). The prisoner must be seeking relief from and demonstrate

a danger that is imminent at the time he files the complaint. *Chase v. O'Malley*, 466 F. App'x 185, 186 (4th Cir. 2012) (unpublished) (citing *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (finding that exception "focuses on the risk that the conduct complained of threatens continuing or future injury, not whether the inmate deserves a remedy for past misconduct").

Here, Snead claims that "Trump is an alien," "[h]e not the real president," "[h]e is and allien, there are too many different pictures of him it not him! 'all different' angles can prove it," "I will take a lie ditictor' to prove he is a alien," and "[h]e has to die." Snead has failed to establish that he is facing any imminent danger of physical injury because he has not pled any facts demonstrating a real or proximate threat of harm. Instead, he has filed an additional frivolous lawsuit describing "fantastic or delusional scenarios" that cannot survive. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).

For the stated reasons, I cannot find that Snead is eligible to proceed with this civil action without prepayment of the filing fee under the imminent danger exception in § 1915(g). Therefore, I must deny his application to proceed in forma pauperis under § 1915(g). Because he has not prepaid the $350 filing fee or the $52 administrative fee required to bring a civil action in this court, I will dismiss the Complaint without prejudice.

A separate Final Order will be entered herewith.

DATED: December 4, 2025

/s/ JAMES P. JONES
Senior United States District Judge